No. 25-1519

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

J.O.P.; M.A.L.C.; M.E.R.E.; K.A.R.C.; E.D.G.; L.M.Z., on behalf of themselves as individuals and on behalf of others similarly situated,

*Plaintiffs-Appellees,*

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; KIKA SCOTT, Senior Official Performing the duties of the Director, U.S. Citizenship & Immigration Services; KRISTI NOEM, Secretary of Homeland Security; U. S. IMMIGRATION & CUSTOMS ENFORCEMENT; TODD LYONS, Acting Director US Immigration and Customs Enforcement,

*Defendants-Appellants.*

Appeal from the United States District Court for the District of Maryland
Case No. 8:19-cv-01944-SAG, Judge Stephanie A. Gallagher

# PLAINTIFFS' MOTION FOR CLARIFICATION OR AMENDMENT OF THIS COURT'S ADMINISTRATIVE STAY

Elaine Herrmann Blais
Kevin J. DeJong
Jesse Lempel
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000

Wendy Wylegala
KIDS IN NEED OF DEFENSE
252 West 37th Street, Suite 1500W
New York, NY 10018
Tel.: 646-970-2913

May 9, 2025

*(additional counsel listed on signature block)*

Brian T. Burgess
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: 202-346-4000
BBurgess@goodwinlaw.com

Michelle N. Mendez
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Tel.: 540-907-1761

*Counsel for Plaintiffs-Appellees*

Plaintiffs respectfully request that the Court clarify or amend the scope of its May 8, 2025 administrative stay, providing that "[t]he district court's order dated April 23, 2025, is administratively stayed until May 15, 2025." D.I. 14. As explained below, the Government's stay motion is aimed exclusively at paragraph 2 of the district court's April 23 order, and that is the only paragraph for which the Government moved in the district court for a stay pending appeal. The Court should therefore impose an administrative stay *only* as to paragraph 2 of the April 23 order.

The district court's April 23 order (ECF No. 254) contains three paragraphs: (1) ordering the Government "not to remove from the United States members of the certified 'Class,' defined in Section II.E of the Settlement Agreement";[1] (2) ordering the Government "to facilitate Class Member Cristian's return to the United States to await the adjudication of his asylum application on the merits by USCIS under the terms of the Settlement Agreement"; and (3) ordering that "the parties will proceed using pseudonyms as to Class Members Cristian and Javier for the pendency of this matter." ECF No. 254 at 1-2.

On May 6, the district court denied a motion to vacate paragraph 2 filed by the Government, and also issued a stay only as to paragraph 2 of the court's April

---

[1] The district court granted this relief after previously granting a class-wide temporary restraining order to prevent potentially imminent removals of class members. ECF 247.

1

23 order, "to permit Defendants to file an appeal" within 48 hours. ECF 270; see also May 6, 2025 Tr. at 32-33 (court explaining that the stay only applies to paragraph 2 and not to any other part of the order).

Yesterday, May 8, the Government noticed an appeal of that April 23 order, as well as the subsequent order entered on May 6, 2025. *See* ECF Nos. 271 (notice of appeal); 270 (May 6 order). On the same day, the Government filed a motion for stay pending appeal in this Court ("Gov't Mot."). In its stay motion, the Government addressed *only* paragraph 2 of the district court's April 23 order, which required the facilitation of Cristian's return. *See, e.g.*, Gov't Mot. 1 ("[T]he district court ordered the Government to 'facilitate' Cristian's return to the United States from the custody of El Salvador. ECF 254. The Government now respectfully seeks a stay of that order pending appeal.").[2]

The Government's stay motion therefore focuses entirely on paragraph 2 of the April 23 order, concerning facilitating Cristian's return to the United States. The Government's stay motion makes no argument about paragraphs 1 or 3 of the April

---

[2] *See also id.* at 3 (arguing that "[f]orcing the facilitated return of [Cristian], purely as a matter of contractual procedure, would impose serious foreign-policy harms on the Government and threaten the public interest, while doing nothing for Cristian. This Court should therefore grant a stay pending appeal."); *id.* at 11 ("Those factors all support a stay here, because the Government is likely to succeed on appeal, while forcing the Government to facilitate Cristian's return during the pendency of this appeal would harm both the Government and the public interest while accomplishing *nothing* for Cristian.").

2

23 order, and it does not ask this Court to stay those paragraphs. Nor would such a request properly be before this Court, because in the district court the Government moved for a stay *only* of paragraph 2 of the April 23 order. *See* ECF No. 262 at 2 ("In the alternative, this Court should stay Section Two of its order pending appeal."); *id.* at 12 ("For the foregoing reasons, the Court should vacate Section Two of the April 23, 2025, Order, ECF No. 253, or, in the alternative, stay Section Two pending appeal."); *see also* ECF No. 261 (motion styled as "**DEFENDANTS' MOTION TO VACATE SECTION TWO … OR, IN THE ALTERNATIVE, TO STAY SECTION TWO PENDING APPEAL**").

Under Federal Rule of Appellate Procedure 8(a)(1), a stay applicant "must ordinarily move first in the district court for … a stay of the judgment or order of a district court pending appeal." To move for such a stay in the first instance, the Government would have to "show that moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i); *see Wudi Industrial (Shanghai) Co., Ltd. v. Wong*, 70 F.4th 183, 193 n.4 (4th Cir. 2023) ("We take this opportunity to remind lawyers and litigants of Rule 8's requirement that — absent a showing of 'impracticability' or inaction by the district court — a party must first seek a stay pending appeal from the district court, not the court of appeals."). The Government's stay motion never addresses that point or attempts to show why it was practicable to seek a stay in the district court of paragraph 2 but not paragraphs 1

3

and 3.

In sum, the Government's stay motion in this Court is aimed exclusively at paragraph 2 of the district court's April 23 order, and that was the only paragraph the government asked the district court to stay.

Yesterday, upon receipt of the Government's stay motion, this Court issued an order providing that "[t]he district court's order dated April 23, 2025, is administratively stayed until May 15, 2025" and establishing a briefing schedule for the stay motion.

Counsel for Plaintiffs-Appellees has conferred with counsel for the Government, who has advised that Defendants read this Court's order as staying the district court's April 23, 2025 order in its entirety.

In light of the Government's position, Plaintiffs-Appellees respectfully request that the Court clarify or amend its order to provide that *only* paragraph 2 of the district court's April 23 order is administratively stayed. That is the only paragraph addressed in the Government's stay motion in this Court and it is the only paragraph that the Government asked the district court to stay pending appeal. An administrative stay of the other paragraphs of the April 23 order is therefore unwarranted.

|  |  |
|---|---|
| Elaine Herrmann Blais<br>Kevin J. DeJong<br>Jesse Lempel<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Tel.: 617-570-1000<br><br>Wendy Wylegala<br>KIDS IN NEED OF DEFENSE<br>252 West 37th Street, Suite 1500W<br>New York, NY 10018<br>Tel.: 646-970-2913<br><br>Rebecca Scholtz<br>NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD<br>30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)<br>Minneapolis, MN 55403<br>Tel.: 202-742-4423<br><br>Kristen Jackson<br>PUBLIC COUNSEL<br>610 South Ardmore Avenue<br>Los Angeles, CA 90005<br>Tel.: 213-385-2977 | Respectfully submitted,<br><br>*/s/ Brian T. Burgess*<br>Brian T. Burgess<br>GOODWIN PROCTER LLP<br>1900 N Street, NW<br>Washington, DC 20036<br>Tel.: 202-346-4000<br>BBurgess@goodwinlaw.com<br><br>Michelle N. Mendez<br>NATIONAL IMMIGRATION PROJECT<br>1763 Columbia Road NW<br>Suite 175 #896645<br>Washington, DC 20036<br>Tel.: 540-907-1761<br><br>Mary Tanagho Ross<br>BET TZEDEK LEGAL SERVICES<br>3250 Wilshire Blvd., #1300<br>Los Angeles, CA 90010<br>Phone: 323-939-0506<br><br>*Counsel for Plaintiffs-Appellees* |

May 9, 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the type volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 997 words, excluding the parts exempted by Rule 32(f).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-scale requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point Times New Roman, a proportionally spaced typeface.

May 9, 2025                                            /s/ *Brian T. Burgess*
                                                       Brian T. Burgess

## CERTIFICATE OF SERVICE

I, Brian T. Burgess, hereby certify that on May 9, 2025 I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

May 9, 2025                              /s/ *Brian T. Burgess*
                                         Brian T. Burgess