# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| Appeal No. & Caption | 25-1519, J.O.P, et al. v. U.S. Dep't of Homeland Security, et al. |
|---|---|
| Originating No. & Caption | 8:19-cv-01944, J.O.P, et al. v. U.S. Dep't of Homeland Security |
| Originating Court/Agency | U.S. District Court for the District of Maryland |

| Jurisdiction (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 |
| Time allowed for filing in Court of Appeals | 60 days |
| Date of entry of order or judgment appealed | April 23, 2025 |
| Date notice of appeal or petition for review filed | May 7, 2025 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | May 4, 2025 |
| Date order entered disposing of any post-judgment motion | May 6, 2025 |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ● Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

| Transcript (transcript order must be attached if transcript is needed and not yet on file) ||| 
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| Case Handling Requirements (answer any that apply) ||| 
|---|---|---|
| Case number of any prior appeal in same case | 21-1187 ||
| Case number of any pending appeal in same case | ||
| Identification of any case pending in this Court or Supreme Court raising similar issue | ||
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. ||
| Is expedited disposition necessary? | ● Yes | ○ No |
| | If yes, motion to expedite must be filed. ||
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. ||

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

On November 25, 2024, the district court entered final approval of a class-wide settlement agreement, resolving the parties' litigation surrounding USCIS's 2019 Redetermination Memo governing how U.S. Citizenship and Immigration Service ("USCIS") determined its initial jurisdiction over the asylum applications of unaccompanied alien children ("UAC") under 8 U.S.C. § 1158(b)(3)(C). In addition to specifying how USCIS would adjudicate class member asylum applications moving forward, as part of the agreement Defendants agreed to not execute the "final removal order" of a class member until USCIS issued a final determination on the class member's pending asylum application.

On March 18, 2025, a class member, Cristian (proceeding under pseudonym) was removed to El Salvador pursuant to the Alien Enemies Act ("AEA"), 50 U.S.C. § 21, and Presidential Proclamation 10,903, as a Venezuelan citizen 14 years of age or older who is a member of Tren De Aragua. Despite the litigation and settlement agreement not addressing removal under the AEA, class counsel alleged this was a violation of the settlement agreement and filed a Motion to Enforce the Settlement Agreement on April 14, 2025.
(continued on attached additional pages)

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether the district court erred when it found that it had jurisdiction to review Cristian's removal pursuant to the Alien Enemies Act, 50 U.S.C. § 21, and order the Government to "facilitate" his return?<br><br>2. Whether the district court erred in concluding that the portion of the Settlement Agreement, barring execution of a Class Member's final removal order until USCIS issues a decision of said Class Member's asylum application extended to removal under the Alien Enemies Act, 50 U.S.C. § 21?<br><br>3. Whether the district court erred in concluding that it remained equitable to order the Government to "facilitate" Cristian's return even though USCIS affirmatively stated the asylum application would be denied and in light of the constitutional implications in compelling the Executive Branch to engage in the necessary foreign policy to do so and the practical difficulties in doing so? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L,M.Z.<br>Attorney: Elaine Herrman Blais<br>Address: Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>E-mail: eblais@goodwinlaw.com<br><br>Phone: 617-570-1000 | Adverse Party: J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L,M.Z.<br>Attorney: Kevin J. DeJong<br>Address: Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>E-mail: KDeJong@goodwinlaw.com<br><br>Phone: 617-570-1000 |
| **Adverse Parties (continued)** ||
| Adverse Party: J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L,M.Z.<br>Attorney: Michelle Mendez<br>Address: National Immigration Project<br>1763 Columbia Road<br>Suite 175 #896645<br>Washington, DC 20036<br><br>E-mail: michelle@nipnlg.org<br><br>Phone: 617-570-1000 | Adverse Party: J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L,M.Z.<br>Attorney: Brian T. Burgess<br>Address: Goodwin Procter LLP<br>1900 N. Street, NW<br>Washington, DC 20036<br><br>E-mail: BBurgess@goodwinlaw.com<br><br>Phone: 202-346-4000 |

| Appellant (Attach additional page if necessary.) ||
|---|---|
| Name: DHS, USCIS, ICE, Kika Scott, Kristi Noem Todd Lyons<br>Attorney: Richard Ingebretsen<br>Address: U.S. Department of Justice, Civil Division, Office of Immigration Litigation<br>P.O. Box 878, Ben Franklin Station<br>Washington, DC 20044<br>E-mail: Richard.Ingebretsen@usdoj.gov<br>Phone: 202-616-4848 | Name: DHS, USCIS, ICE, Kika Scott, Kristi Noem Todd Lyons<br>Attorney: Yamileth Davila<br>Address: U.S. Department of Justice, Civil Division, Office of Immigration Litigation<br>P.O. Box 878, Ben Franklin Station<br>Washington, DC 20044<br>E-mail: Yamileth.G.Davila@usdoj.gov<br>Phone: 202-305-0137 |
| **Appellant (continued)** ||
| Name: DHS, USCIS, ICE, Kika Scott, Kristi Noem Todd Lyons<br>Attorney: Erhan Bedestani<br>Address: U.S. DOJ Office of Immigration Litigation District Court National Security Section<br>P.O. Box 868 Ben Franklin Station<br>Washignton, DC 20044<br>E-mail: Erhan.Bedestani2@usdoj.gov<br>Phone: 202-307-0044 | Name: DHS, USCIS, ICE, Kika Scott, Kristi Noem Todd Lyons<br>Attorney: Kelark Azer Habashi<br>Address: U.S. DOJ Office of Immigration Litigation District Court National Security Section<br>P.O. Box 868 Ben Franklin Station<br>Washignton, DC 20044<br>E-mail: Kelark.azer.habashi2@usdoj.gov<br>Phone: 202-305-3340 |

Signature: *Erhan Bedestani*    Date: 5/21/2025

Counsel for: Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:    Date:

# United States Court of Appeals For the Fourth Circuit

## Docketing Statement –CIVIL/AGENCY CASES

### (additional pages)

25-1519, *J.O.P. et al., v. U.S. Department of Homeland Security, et al.*

**Nature of Case (continued)**

On April 23, 2025, the district court entered a memorandum opinion and order granting Class Counsel's Motion to Enforce the Settlement Agreement. The district court ordered the Government 1) not to remove from the United States members of the certified class, as defined in the settlement agreement, until USCIS adjudicated a Class Member's asylum application on the merits; and 2) to facilitate Cristian's, the class member removed pursuant to the AEA, return to the United States to await adjudication of his asylum application on the merits by USCIS under the terms of the settlement agreement. The Order went on to define "facilitation" to include a good faith request by Defendants to the government of El Salvador to release Cristian to U.S. custody for transport back to the United States. On May 4, 2025, the Government filed a Motion to Vacate the portion of the Court's order requiring the Government to facilitate Cristian's return to the United States on the grounds that it was no longer equitable to do so in light of an Indicative Asylum Decision from USCIS stating it would deny Cristian's asylum application should he be returned to the United States. On May 6, 2025, the district court denied the Government's Motion to Vacate, but stayed its order for 48 hours to permit the Government time to seek further stay pending appeal of the April 23, 2025 Order from the Fourth Circuit.

| **Adverse Parties (continued)** | |
|---|---|
| **Adverse Party:**<br>J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L.M.Z.<br>**Attorney:**<br>Jesse Lempel<br>**Address:**<br>GOODWIN PROCTER, LLP<br>100 Northern Ave.<br>Boston, MA 02210<br>**E-mail:** | **Adverse Party:**<br>J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L.M.Z.<br>**Attorney:**<br>Rebecca Scholtz<br>**Address:**<br>National Immigration Project<br>30 S. 10th Street (C/O University of St. Thomas Legal Services Clinic)<br>Minneapolis, MN 55403 |

| | |
|---|---|
| jlempel@goodwinlaw.com<br>**Phone:**<br>617-570-1000 | E-mail: rebecca@nipnlg.org<br>**Phone:**<br>202-742-4423 |
| **Adverse Party:**<br>J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L.M.Z.<br>**Attorney:**<br>Wendy Wylegala<br>**Address:**<br>Kids in Need of Defense<br>252 West 37th Street, Suite 1500W<br>New York, NY 10018<br>**E-mail:**<br>WWylegala@supportkind.org<br>**Phone:**<br>646-970-2913 | **Adverse Party:**<br>J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L.M.Z.<br>**Attorney:**<br>Kristen Jackson<br>**Address:**<br>Public Counsel<br>610 South Ardmore Avenue<br>Los Angeles, CA 90005<br>**E-mail:**<br>Kjackson@publiccounsel.org<br>**Phone:**<br>213-385-2977 |
| **Adverse Party:**<br>J.O.P.; M.E.R.E; K.A.R.C.; E.D.G.; L.M.Z.<br>**Attorney:**<br>Mary Tanagho Ross<br>**Address:**<br>Bet Tzedek Legal Services<br>3250 Wilshire Blvd., #1300<br>Los Angeles, CA 90010<br>**E-mail:**<br>mross@bettzedek.org<br>**Phone:**<br>323-939-0506 | |