UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| J.O.P, *et al.*, | : |
| Appellees, | : |
| v. | : 25-1519 |
| U.S. Department of Homeland Security, *et al*. | : |
| Appellants. | : |

**APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE**

Defendant-Appellants ("the Government"), pursuant to Local Rule 12(d), respectfully move the Court to stay this appeal to allow the Government time to seek an indicative ruling pursuant to Fed. R. Civ. P. 62.1 from the United States District Court of Maryland on a forthcoming motion for relief from the April 23, 2025, district court order (ECF 254).[1] In the coming weeks, the Government plans to seek an indicative ruling on relief from the district court's order under Fed. R. Civ. P. 60(b) in full because, even though the order was unlawfully entered, the Government believes that it has nonetheless

---

[1] Because the district court's order at ECF No. 254 is the subject of this appeal, the district court is divested of its control over that order and would lack authority to grant the government's forthcoming motion. *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025) (an appeal "divests the district court of its control over those aspects of the case involved in the appeal.") (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023)).

complied with the order, and that the injunction on appeal should therefore be dissolved. *See* Fed. R. Civ. P. 60(b)(5) ("On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [when] the judgment has been satisfied, released, or discharged"). And if the injunction were dissolved, this case would become moot.

Given this anticipated motion, the Government seeks an abeyance of appellate proceedings pending an indicative ruling from the district court on this anticipated motion, which may affect the ultimate resolution of this appeal. The Government therefore respectfully submits that a stay of the instant proceedings is justified because doing so would secure "the just, speedy, and inexpensive determination" of these proceedings. Fed. R. Civ. P. 1. If Appellants can obtain relief from the district court, this appeal may no longer be necessary, thus serving the interests of judicial economy and conserving party resources. *See, e.g., Jones v. McDaniel*, 717 F.3d 1062, 1069 (9th Cir. 2013) (dismissing appeal in reliance on district court's indicative ruling).

Therefore, the Government respectfully requests that this motion be granted, and that the appeal be stayed pending an indicative ruling from the district court on the upcoming motion to dissolve. *See, e.g., La Union Del Pueblo Entero v. Ross*, 771 Fed. App'x. 323 (4th Cir. 2019) (unpublished)

2

(granting motion to remand certain issues "for further proceedings . . . so that the district court may address and resolve the matters identified in its Indicative Ruling").

Accordingly, the case should be held in abeyance pending the district court's disposition of the upcoming motion for relief. The Government will then promptly notify the circuit clerk of the district court's disposition pursuant to Rule 12.1(a). Defendants have met and conferred with Plaintiffs, who oppose the motion at this time because they were not apprised of the basis for the Government's forthcoming motion for relief from the April 23, 2025 order, nor has the Government explained when it would file any such motion.

Dated: June 26, 2025                    Respectfully submitted,

                                            BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation

YAMILETH G. DAVILA
*Assistant Director*

KELARK AZER HABASHI
RICHARD G. INGEBRETSEN
*Trial Attorneys*

/s/
ERHAN BEDESTANI

3

Trial Attorney
(MN Bar No.0504824)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-7451
Fax: (202) 305-7000
erhan.bedestani2@usdoj.gov

*Counsel for Defendants-Appellants*