No. 25-1519

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

J.O.P.; M.E.R.E.; K.A.R.C.; E.D.G.; L.M.Z., on behalf of themselves as individuals and on behalf of others similarly situated,

*Plaintiffs-Appellees,*

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ANGELICA ALFONSO-ROYALS, Acting Director, U.S. Citizenship & Immigration Services; KRISTI NOEM, Secretary of Homeland Security; U. S. IMMIGRATION & CUSTOMS ENFORCEMENT; TODD LYONS, Acting Director US Immigration and Customs Enforcement,

*Defendants-Appellants.*

Appeal from the United States District Court for the District of Maryland
Case No. 8:19-cv-01944-SAG, Judge Stephanie A. Gallagher

### APPELLEES' RESPONSE TO APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE

Elaine Herrmann Blais
Kevin J. DeJong
Jesse Lempel
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000

Wendy Wylegala
KIDS IN NEED OF DEFENSE
252 West 37th Street, Suite 1500W
New York, NY 10018
Tel.: 646-970-2913

July 10, 2025

*(additional counsel listed on signature block)*

Brian T. Burgess
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: 202-346-4000
BBurgess@goodwinlaw.com

Michelle N. Mendez
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Tel.: 410-929-4720

*Counsel for Plaintiffs-Appellees*

Two and a half months ago, the district court ordered Defendants-Appellants ("the Government") to facilitate the return to the United States of a twenty-year-old noncitizen who was removed and incarcerated in a supermax prison in El Salvador, in clear breach of the Settlement Agreement that ended the underlying class action. ECF No. 254.[1]  It appears the Government has done nothing to comply with that order since, even though this Court denied its motion to stay that order pending appeal.  Now the Government asks this Court to hold the appeal in abeyance so it can seek an indicative ruling from the district court, where the Government plans to argue that it has already "complied with the order." Dkt. No. 38 at 1-2.

At best, that assertion is highly dubious.  The Government has been dragging its feet to avoid complying with the district court's order, all the while leaving the wrongfully removed class member trapped indefinitely in the Salvadoran supermax prison.  And the Government has declined to provide any information regarding the factual or legal basis for its forthcoming motion for an indicative ruling.

Plaintiffs thus do not see any basis for the Government's undisclosed, forthcoming indicative motion.  But as the judgment requiring the Government to facilitate the class member's return from El Salvador remains fully in force and binds

---

[1] References to "Dkt. No." refer to this Court's docket; references to "ECF No." refer to the district court's docket.

the Government, the Plaintiffs take no position on the motion to hold the Government's appeal in abeyance.

## I. Background.

This appeal arises from the Government's breach of the Settlement Agreement that it entered into with the Plaintiff Class. That agreement requires the Government to "refrain from executing [a] Class Member's final removal order until USCIS issues a Final Determination on one properly filed asylum application under the terms of this Agreement." ECF No. 199-2 at 9. Yet, on March 15, 2025, the Government removed a Venezuelan class member with a pending asylum application (pseudonymously identified as "Cristian") to El Salvador. *See* ECF No. 253 at 4-5. Since that date, Cristian has been locked up in CECOT, "a notorious supermax prison known for widespread human rights violations." Dkt. No. 34 at 15 (Benjamin, J., concurring) (quoting *Abrego Garcia v. Noem*, No. 25-1345, 2025 WL 1021113, at *1 (4th Cir. Apr. 7, 2025) (Thacker, J., concurring)); *see, e.g.*, ECF No. 295-1, ¶ 6 (Government declaring that "[t]he Salvadoran government informed the [U.S.] Embassy that Cristian remains at CECOT").

Shortly after learning of Cristian's wrongful removal, Plaintiffs moved to enforce the Settlement Agreement. ECF No. 227. The district court granted the motion on April 23, 2025, and (as relevant here) ordered the Government "to facilitate Class Member Cristian's return to the United States to await the

2

adjudication of his asylum application on the merits." ECF No. 254 at 2. The Government appealed and moved this Court for a stay pending appeal, which this Court denied on May 19, 2025. Dkt. No. 34.

On June 5, 2025, the district court ordered the Government to provide weekly status reports "in the form of a declaration by an individual with personal knowledge" containing "any information regarding: (1) Cristian's current physical location and custodial status; (2) what steps, if any, Defendants have taken to facilitate Cristian's return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate Cristian's return." ECF No. 293 at 1. The district court also ordered the parties to "conduct expedited discovery limited to ascertaining Defendants' compliance with" the district court's orders. *Id.*

The Government's weekly status reports have not provided any meaningful information, notwithstanding the district court's order. They merely recount, as the most recent report (dated July 3) does, that the Department of Homeland Security (DHS) "has informed the U.S. Department of State (DOS) of the [district court's] order and requested DOS assistance in complying with the [district court's] order, including by entering into negotiations to facilitate Cristian's return. DOS has acknowledged the request." *E.g.*, ECF No. 314 at 1-2.

Just this week, the district court issued an order observing that, by submitting these "oblique references" to a "request of 'assistance from the U.S. Department of

3

State (DOS),'" the Government has "repeatedly skirted [the district court's] directive to provide information regarding the steps they have taken and will take to facilitate the return of Cristian to the United States." ECF No. 319 at 1. The district court also took judicial notice of a United Nations report filed in separate litigation[2] in which the government of El Salvador told the United Nations that it was simply lending "the use of the Salvadoran prison infrastructure for the custody of persons detained within the scope of the justice system and law enforcement of [the United States]," and that "the jurisdiction and legal responsibility for these persons lie exclusively with the competent [U.S.] authorities." *Id.* In light of this official disavowal of jurisdiction and legal responsibility by the Salvadoran government, the district court ordered the Government to explain by July 15 "their position that 'diplomatic discussions' involving the DOS are required to facilitate Cristian's return to the United States." *Id.* at 1-2.

Meanwhile, the Government's deficient response to the court-ordered discovery has required Plaintiffs to file a motion to compel discovery. ECF No. 308. That motion remains pending.

---

[2] *J.G.G. v. Trump*, No. 1:25-cv-766 (D.D.C.).

## II.     The Motion to Hold the Appeal in Abeyance.

In support of its motion to hold this appeal in abeyance, the Government states that, at some point "[i]n the coming weeks, the Government plans to seek an indicative ruling on relief from the district court's order under Fed. R. Civ. P. 60(b) in full because … the Government believes that it has … complied with the order." Dkt. No. 38 at 1-2.  Although Plaintiffs have repeatedly asked the Government to explain the basis for its belief that it has complied with the district court's order, the Government has refused to do so.  At a status conference held on July 3, 2025, the district court also asked the Government to explain the factual or legal basis for this assertion.  The Government declined, although it represented to the district court that there is no concrete plan for Cristian to be returned to the United States and that its motion will be based on the existing record.

Plaintiffs are concerned that the Government appears intent on delaying its compliance with the district court's order as long as it can.  Nonetheless, because the mere pendency of this appeal does not in any way relieve the Government of its obligations under the district court's order, and because Plaintiffs have not been informed of the purported basis (if any) of the Government's forthcoming motion for an indicative ruling, Plaintiffs take no position on the motion to hold the appeal in abeyance.

5

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Brian T. Burgess* |
| Elaine Herrmann Blais | Brian T. Burgess |
| Kevin J. DeJong | Goodwin Procter LLP |
| Jesse Lempel | 1900 N Street, NW |
| Goodwin Procter LLP | Washington, DC 20036 |
| 100 Northern Avenue | Tel.: 202-346-4000 |
| Boston, MA 02210 | BBurgess@goodwinlaw.com |
| Tel.: 617-570-1000 |  |
|  | Michelle N. Mendez |
| Wendy Wylegala | National Immigration Project |
| Kids in Need of Defense | 1763 Columbia Road NW |
| 252 West 37th Street, Suite 1500W | Suite 175 #896645 |
| New York, NY 10018 | Washington, DC 20036 |
| Tel.: 646-970-2913 | Tel.: 410-929-4720 |
|  |  |
| Rebecca Scholtz | Mary Tanagho Ross |
| National Immigration Project | Bet Tzedek Legal Services |
| 30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic) | 3250 Wilshire Blvd., #1300 |
| Minneapolis, MN 55403 | Los Angeles, CA 90010 |
| Tel.: 202-742-4423 | Phone: 323-939-0506 |
|  |  |
| Kristen Jackson | *Counsel for Plaintiffs-Appellees* |
| Public Counsel |  |
| 610 South Ardmore Avenue |  |
| Los Angeles, CA 90005 |  |
| Tel.: 213-385-2977 |  |

July 10, 2025

6

## CERTIFICATE OF COMPLIANCE

This response complies with the type volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,136 words, excluding the parts exempted by Rule 32(f).

This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-scale requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point Times New Roman, a proportionally spaced typeface.

July 10, 2025                                   /s/ *Brian T. Burgess*
                                                Brian T. Burgess

# CERTIFICATE OF SERVICE

I certify that on July 10, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit using the Court's CM/ECF system. Counsel for all parties to this case are registered CM/ECF users and will be served by the CM/ECF System.

July 10, 2025                    /s/ *Brian T. Burgess*
                                 Brian T. Burgess